232

ADRIÁN MERCADO RIERA ET AL., Petitioners, *v.* DISTRICT COURT OF PUERTO RICO, PONCE SECTION, HON. HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent; MARIO MERCADO RIERA, Intervener.

No. 1836.   Argued February 8, 1951.—Decided March 8, 1951.

*José A. Poventud* for Adrián and Margarita Mercado Riera; *Celestino Iriarte Miró* and *F. Fernández Cuyar* for María Luisa Mercado Riera. *Rafael Rivera Zayas, Benjamín Ortiz* and *Pedro M. Porrata,* for intervener.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On August 4, 1950, we delivered an opinion in the above-entitled case [1] the closing paragraphs of which textually copied read as follows:

"In view of the foregoing we conclude that the intervener-accountant should pay legal interest to the petitioners herein at the rate of 6 per cent per annum on the items adjudicated in favor of the latter (excepting the $56,690.55), in the following manner:

"1. On all those items appearing in the final accounts rendered by the intervener-accountant up to March 4, 1940 which were approved, with or without modifications or alterations, by the District Court of Ponce by virtue of its final decree, in

---

[1] See *Mercado* v. *District Court and Mercado, Intervener,* 71 P.R.R. 739.

no way object of the appeals taken by the opposing heirs and not modified or reversed by us, the accountant creditor will pay interest to the petitioners herein from February 19, 1942 until the date of the deposit in court of said items;

"2. On all those items object of the appeal taken by the opposing heirs to this Court from the final order entered by the District Court of Ponce, the intervener-accountant will pay to the petitioners herein interest, as said items might have been affirmed, modified, or altered by us, from May 8, 1946—on which date this Court rendered judgment modifying and affirming the final order—until the date of the deposit in court of said items, with the exception of those items object of the appeal taken by the opposing heirs themselves to the United States Court of Appeals for the First Circuit;

"3. On the items object of the appeal taken by the contestants to the United States Court of Appeals for the First Circuit the accountant will pay interest from August 10, 1948—on which date the term they had requested said court to retain the mandate expired—until the date of the deposit of said items in the lower court;

"4. On all those items modified or altered by this Court by virtue of the appeal taken to us by the accountant, the latter will pay interest at the rate indicated, as said items were modified by us, from February 19, 1942—the date of the final order —until the same are deposited in the lower court.

"Of course, our foregoing statements regarding payment of interest only refer to those items which by virtue of the adjudication made and upon receipt of the mandate from the United States Court of Appeals for the First Circuit, the accountant was obliged to restore and has already deposited in the court a quo, amounting to $71,373.07. There seems to be no controversy whatever as to the amount of those items. However, in view of the conclusion at which we arrived above as to the $56,690.55, it is not possible to adjudge the accountant to pay interest until a final order regarding the supplementary accounts is entered."

The contestants as well as the intervener-accountant moved for a reconsideration of the judgment rendered therein. We shall first refer to the motion filed by the contestants and we shall discuss the questions raised by them in the same order they are stated:

■ In the first place the opposing heirs contend that "the judgment should be reconsidered in the sense that execution of judgment or payments of amounts already awarded by all the courts in favor of the petitioners, totalling $56,690.55, should not be impaired or subject to uncertain results of other suits, not yet filed, on subsequent, distinct, and impeached supplementary accounts."

We have carefully read all the arguments adduced by the contestants in support of their first ground for their motion for reconsideration, and in our opinion it does not lie. As we said in our opinion of August 4, already cited:

"Pending the appeal, the accountant remained in possession of the estate meanwhile rendering supplementary accounts which include the $107,159.38 which as remainder in cash he included in the final accounts rendered up to March 4, 1940. We are aware of this. Hence, it is not possible that the accountant be now ordered to restore to the petitioners the difference between said remainder and the disbursements not entered for accounting purposes, plus the four items unduly entered. If the restitution of that difference were ordered, a grave injustice would be done, since on the one hand the accountant would have to pay his co-heirs their share in the $56,690.55, and on the other hand no account would be given to the fact that the accountant's carrying of that difference to the supplementary accounts has been pursuant to law and in compliance with our judgment, and that up to the present, there has been no final adjudication by the courts as to those supplementary accounts. Therefore, the restituion to the petitioners of their share in the total item of $56,690.55 should not be ordered at this time."

An ulterior study on the matter convinces us that far from reconsidering our former opinion, it is our duty to ratify it.

■ In the second place the opposing heirs allege that "It likewise lies to reconsider or clarify the point that as to the restoration of 'House at No. 23, Marina Street, $11,734.16' and 'Interest paid, $16,392.25,' the legal interest should be computed from February 29 and March 4, 1940, respectively, which dates are prior to the judgment." We agree on this

point for it clearly appears from the final decree rendered by District Court of Ponce on February 19, 1942, that the legal interest on the above two items should be paid by the accountant from the two above-mentioned dates. It was an inadvertence on our part not to say so in our opinion.

As a third ground for their motion, contestants further allege that "likewise, the judgment should be reconsidered in the sense that legal interest should be paid until the date of the unconditional and full payment of the final judgment, instead of until November 22, 1948, on which date only a partial deposit was made."

After the mandate was received by the lower court the accountant filed a motion on November 23, 1948, entitled "Amendment to the Final Account of the Executorship of Mario Mercado Montalvo, presented on March 4, 1940, and entitled 'Final Accounts of the Executor of the Estate of Mario Mercado Montalvo, Mario Mercado Riera, on March 4, 1940, Rendered to the Heirs and Subject to Supplementary Accounts,' and Deposit of Money; all in compliance with the judgment of the District Court of Ponce of February 19, 1942, subsequently modified, and thus affirmed by the Supreme Court of Puerto Rico on January 14, 1947." To this motion the accountant attached separate checks for $13,679.51 in favor of Margarita Mercado Riera, $30,699.73 in favor of María Luisa Mercado Riera and $30,699.73 in favor of Adrián Mercado Riera which checks were substituted next day, following court orders, by a single check for $75,078.97. In view of the accountant's motion, the opposing heirs filed, on January 3, 1949, another motion entitled "Motion Seeking an Order for the Execution of Final Judgment in this Proceeding," in which, after stating that the amount to be deposited by the accountant should have totalled $231,210.63 they prayed the Court to order the Clerk to issue separate checks in favor of the judgment creditors for $30,699.73, in favor of María Luisa Mercado Riera,

$30,699.73 in favor of Adrián Mercado Riera and for $13,679.51 in favor of Margarita Mercado Riera, that is a total of $75,078.97 which was the partial amount deposited by the accountant or judgment debtor, Mario Mercado Riera. It was to be understood that said amount was to be credited or used as partial payment of the total amount of $185,228.35. (The difference between the amount of $231,210.63 and $185,228.35 was supposed to belong to the accountant in his capacity as heir of the decedent). Thereafter the opposing heirs again filed an "Answer to the Opposition introduced by the Accountant" in which they again prayed for the issuance of the three checks we mentioned, stating once again, that the total amount deposited by the accountant amounting to $75,078.97 should be delivered to them as payment on account or as a partial payment of principal and interest up to January 3, 1949, of the total amount owed them as money judgment. The Motion on Deposit of Money filed by the accountant as well as the two motions of the opposing heirs to which we have referred were amply discussed in the lower court and on January 9, 1950 it rendered an elaborate order granting accountant's motion for amendment and consignation, but ordering him, however, to return in cash to the hereditary estate the sum of $125.35 paid to Humbelina Ventura as an advance on her legacy, which in its judgment had been unduly paid, with interest from August 10, 1948, until the date of the deposit in the office of the Clerk of the lower court, giving the accountant ten days to do so; it also denied as improper the motion of the opposing heirs in which they claimed the delivery of a much larger amount, and ordered the Clerk to pay to them, once the $125.35 had been duly deposited by the accountant, the corresponding share to each of the amount deposited. Seven days later and in compliance with this order, the accountant deposited in cash in the Clerk's office the sum of $100.23 to cover the $125.35, with interest up to January 16, 1950, minus his corresponding share as an heir.

There is no doubt that, although the accountant deposited in court the total sum of $75,078.97 for the purpose of paying the total amount of the final judgment rendered by the District Court of Ponce on February 19, 1942, as modified and affirmed on appeal, nevertheless, the consignation of such amount has not yet been declared as properly done. Hence, pursuant to § 1134 of the Civil Code, 1930 edition,[2] the obligation has not therefore been cancelled. However, as we have said, the contestants repeatedly prayed the lower court for delivery of the total sum thus deposited, but requesting that the checks should be issued separately in the amounts corresponding to each one of them, as partial payment of the accountant's respective debts to them, and the lower court, in its order of January 9, 1950, directed its Clerk, as we have seen, to issue separate checks for the amounts hereinbefore mentioned. Therefore, the money has been at the disposal of the opposing heirs since January 16, 1950—when the deposit of the $100.23 was made. If they have not yet received their corresponding share, it is because they have not wished to receive it. Nothing has prevented them from so doing. The fact that the accountant has objected to the delivery of said amount as partial payment of the debt, in nowise means that the contestants could not have received the share corresponding to each of the total amount deposited. Without it being understood that the receipt of such partial payment would mean that the debt for interest which the accountant had with them, by reason of the final judgment of February 19, 1942, as modified and affirmed, would be cancelled, the opposing heirs could have, unquestionably, received their respective shares and continue litigation regarding any rights they might have by reason of such final decree. Con-

---

[2] Said Section provides:

"After the consignation has been duly made the debtor may request the court or judge to order the cancellation of the obligation.

"Until the creditor may accept the consignation or a judicial decision should be rendered that it was properly done, the debtor may withdraw the thing or amount consigned, leaving the obligation in force."

sequently, it is not proper to order the accountant to pay legal interest up to the date of the unconditional and full payment of the final judgment. Of course, instead of paying such interest up to November 22, 1948, date of their partial deposit, the same should be paid until January 16, 1950, which was the date on which in accordance with the order entered by the lower court, the $100.23 was also· deposited, and on which the Clerk of the lower court was in a position to issue the separate checks in favor of the three opposing heirs.

In the fourth place the contestants state that "the manner to compute the legal interest resulting from the decision should be clarified or simplified in several particulars." Our opinion on this matter is very clear and we see no grounds to reconsider it. The opposing heirs maintain in their discussion, that all reference to August 10, 1948 should be eliminated. We do not agree. It appears from the record that the opposing heirs themselves requested from the United States Court of Appeals for the First Circuit, to retain the "mandate" until August 10, 1948, and that said court granted the motion and ordered its retention until further orders from the court. It is true that on June 2 of said year the contestants wrote to the Clerk of that court informing him that they had agreed to abide by the decision of the court, and to abandon their original plan to file a certiorari before the Supreme Court of the United States. It does not appear from the record, however, that said court made any provision whatsoever with respect to said letter.

Finally and as a fifth basis for their motion for reconsideration the opposing heirs insist that "the judgment of reversal must be modified so that this Court may render the final judgment that the District Court should have rendered with the pronouncements sought in the motion for reconsideration or explanation." In discussing this ground the opposing heirs state that "they wish, in furtherance of justice, that the execution of judgment or payment of money should not be left subject to other proceedings or questions of inter-

pretation which, as those pointed out, may be duly clarified and definitively decided in the reconsideration sought by the contestants."

We do not forget, of course, that the predecessor of the accountant and opposing heirs died on August 22, 1937, and that ever since the latter have been litigating in various courts regarding the hereditary estate. Although as a general rule in certiorari proceedings we set aside the order or judgment which gives rise to the issuance of the writ, or quash it if convinced that it was erroneously issued, in view of the allegations of the oppositors and being fully aware of the delay in the accounting of this hereditary estate we really believe that, in furtherance of justice, we should render the judgment which should have been entered by the lower court. We shall do so. *Cf. Fernández* v. *District Court,* 71 P.R.R. 149; *Pérez* v. *District Court,* 69 P.R.R. 4, 15.

Accountant's motion for reconsideration merits little discussion and should be wholly dismissed. The motion was to the effect that in our opinion we said, in paragraph three, that the contestants had appealed; among others, from item No. IX, and later, when we again referred to the items appealed from, we neglected to mention said item. The accountant is correct.

The other grounds stated in his motion are to the effect that the oppositors are not entitled to receive interest on the items from which they have appealed; that even if the accountant appealed from some items, he should not pay interest on them in the lower court if the contestants appealed from those same items; that the accountant had already deposited the money in court of many of the items appealed from by him and therefore the payment of additional interest after the deposit does not lie; and that we should determine whether the final judgment entered by a district court approving the final accounts of an executor or administrator constitutes a divisible or an indivisible judgment. We be-

lieve that our opinion covers sufficiently and properly the questions raised in the motion for reconsideration filed by accountant.

Our judgment of August 4, 1950 shall be reconsidered and set aside and another rendered instead in conformity with the above.

Mr. Justice Negrón Fernández did not participate herein.